UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW PESTARINO,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | Case No. 19-cv-07890-BLF<br><br>**ORDER VACATING MAY 28, 2020 HEARING ON MOTION TO REMAND; AND DENYING MOTION TO REMAND**<br><br>[Re: ECF 11] |

Plaintiff Andrew Pestarino ("Pestarino") sues Defendant Ford Motor Company ("Ford") for breach of express and implied warranties under California's Song Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.* ("the Song Beverly Act"). Ford removed the action from the Santa Clara County Superior Court on diversity grounds, and Pestarino now moves to remand based on his assertion that Ford cannot show that the amount in controversy exceeds $75,000.

The Court finds the motion to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing on the motion to remand, currently scheduled for May 28, 2020 at 9:00 a.m., is VACATED.[1] The motion is DENIED for the reasons discussed below.

**I.   BACKGROUND**

Pestarino alleges the following facts in the operative first amended complaint ("FAC"). *See* FAC, ECF 1-6. On or about May 20, 2017, Pestarino purchased a new 2017 Ford F-250 (the "Vehicle"). FAC ¶¶ 5-6. As part of the purchase transaction, Pestarino received the following express and implied warranties: (1) "the Vehicle and its components would be free from all

---

[1] The hearing on Ford's motion to compel arbitration (ECF 14) remains scheduled for May 28, 2020 at 9:00 a.m.

1   defects in material and workmanship," (2) "the Vehicle would pass without objection in the trade
2   under the contract description," (3) "the Vehicle would be fit for the ordinary purposes for which
3   it was intended," (4) "the Vehicle would conform to the promises and affirmations of fact made,"
4   (5) "Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or
5   replacements of any parts necessary to ensure that the Vehicle was free from any defects in
6   material and workmanship," (6) "Defendants, and each of them, would maintain the utility of the
7   Vehicle for Three (3) years or 36,000 miles and would conform the Vehicle to the applicable
8   express warranties." *Id*. ¶ 8.

9   Pestarino "has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, on at least Four (4) separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities." FAC ¶ 10. The Vehicle's defects and malfunctions included "Recall 18S45 Engine Block Heater Wire Assembly Water Intrusion Inspection, Code 19S11 for Disable Engine Block Heater Cord, Engine Block Heater Cord failure, water pump failure and check engine light." *Id*. ¶ 11. Each time Pestarino delivered the nonconforming Vehicle to a Manufacturer authorized service and repair facility, Ford represented to him that the repairs would conform to the aforementioned warranties. *Id*. ¶ 13. However, Ford or its representatives failed to conform the Vehicle to the applicable warranties because the defects would "continue to exist even after a reasonable number of attempts to repair" the Vehicle. *Id*.

20  On October 22, 2019, Pestarino filed the complaint in this action in the Santa Clara County Superior Court. *See* Compl., ECF 1-4. He filed the FAC on November 25, 2019, asserting two claims against Ford: (1) Breach of Implied Warranty of Merchantability under the Song-Beverly Act, and (2) Breach of Express Warranty under the Song-Beverly Act. *See* FAC, ECF 1-6. On December 2, 2019, Ford removed the action to federal district court on diversity grounds. *See* Notice of Removal, ECF 1. Pestarino now seeks remand.

**II.     LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

2

1  removed by the defendant or the defendants, to the district court of the United States for the
2  district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A
3  defendant may remove an action to federal court based on federal question jurisdiction or diversity
4  jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C.
5  § 1441(a)).

6  Where removal is based on diversity jurisdiction, "a defendant's notice of removal need
7  include only a plausible allegation that the amount in controversy exceeds the jurisdictional
8  threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[T]he
9  defendant's amount-in-controversy allegation should be accepted when not contested by the
10  plaintiff or questioned by the court." *Id.* at 87. "[W]hen a defendant's assertion of the amount in
11  controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of
12  the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. "In
13  assessing the amount in controversy, [the Court] may consider allegations in the complaint and in
14  the notice of removal, as well as summary-judgment-type evidence relevant to the amount in
15  controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "[T]he
16  removing defendant bears the burden of establishing, by a preponderance of the evidence, that the
17  amount in controversy exceeds the jurisdictional threshold." *Id.* (quotation marks and citation
18  omitted).

19  "If at any time before final judgment it appears that the district court lacks subject matter
20  jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447.

**III.  DISCUSSION**

22  As noted above, Ford removed this action based on diversity of citizenship. District courts
23  have diversity jurisdiction over civil actions between citizens of different states where the amount
24  in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Ford's
25  notice of removal states that Plaintiff is a citizen and resident of California, while Ford is a citizen
26  of Delaware and Michigan, and thus there is complete diversity of citizenship. *See* Notice of
27  Removal ¶¶ 21-22, ECF 1. Ford's notice of removal also states that the amount in controversy
28  exceeds $75,000, exclusive of interest and costs. *See id.* ¶¶ 10-20.

1    Pestarino does not dispute that there is complete diversity of citizenship between the
2    parties. However, he challenges Ford's assertion regarding the amount in controversy. He also
3    asks this Court to "veto" the exercise of diversity jurisdiction even if the amount in controversy
4    requirement is satisfied. Pestarino offers only a partial case citation for the proposition that the
5    Court may choose to remand the case despite the existence of diversity jurisdiction: "*Garble*,
6    *supra*, at 313." Motion at 5, ECF 11. The Court is unable to locate a case with that title.
7    Pestarino may have intended to cite *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545
8    U.S. 308, 313 (2005), in which the Supreme Court considered a district court's authority to "veto"
9    the exercise of federal question jurisdiction where removal is based on a federal issue embedded in
10   a state law claim. The Supreme Court held that "even when the state action discloses a contested
11   and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto,"
12   because "the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is
13   consistent with congressional judgment about the sound division of labor between state and
14   federal courts governing the application of § 1331." *Grable*, 545 U.S. at 313-14. Nothing in
15   *Grable*, which addresses a narrow set of circumstances in which a district court may decline to
16   exercise federal question jurisdiction under 28 U.S.C. *§ 1331*, suggests that a district court may
17   decline to exercise diversity jurisdiction when the removing party satisfies the statutory
18   requirements of 28 U.S.C. *§ 1332*.

19   Pestarino's motion to remand therefore turns solely on his assertion that Ford cannot
20   satisfy the amount in controversy requirement of § 1332. Under the authorities set forth above,
21   Ford has the burden to show by a preponderance of the evidence that the jurisdictional threshold of
22   $75,000 is satisfied. In making this showing, Ford may rely on allegations in the FAC and in the
23   notice of removal, and evidence submitted to the Court. *See Chavez.*, 888 F.3d at 416. "The
24   amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost
25   of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes."
26   *Id.* Additionally, while recognizing that district courts have split on the issue, this Court has held
27   that the amount in controversy includes the maximum recoverable civil penalties. *See Verastegui*
28   *v. Ford Motor Co.*, No. 19-cv-04806-BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020).

Ford points to the following allegations in the FAC: "The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief." FAC ¶ 14. "In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." *Id.* ¶ 14. "The failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages." FAC ¶ 32.

Ford reads these allegations to mean that Pestarino seeks damages in excess of $25,000, and a civil penalty of up to twice that damages amount. Ford argues that based on these allegations alone, the amount in controversy exceeds $75,000. Other district courts within the Ninth Circuit have found identical allegations, made by the same law firm that represents Pestarino here, sufficient to satisfy the amount in controversy requirement. *See, e.g., Bernstein v. BMW of N. Am., LLC*, No. 18-CV-01801-JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018). Some district courts have held that allegations of damages exceeding $25,000, along with allegations of statutory penalties of two times the damages, make entitlement to removal so obvious as to bar later removal based on more concrete damages evidence. *See, e.g., McDonald v. BMW of N. Am., LLC*, No. 3:17-CV-2011-CAB-BLM, 2017 WL 5843385, at *2 (S.D. Cal. Nov. 28, 2017) ("Knowledge of the purchase price of Plaintiff's vehicle may have helped BMW determine the total amount at stake, but it was not necessary to determine that more than $75,000 is in controversy. . . . [BMW] could have multiplied $25,001 (the minimum amount of damages alleged in the complaint) by three to determine that Plaintiff seeks, at a minimum, in excess of $75,000."). This Court finds those decisions persuasive and concludes that Ford has demonstrated that the amount in controversy is satisfied based on the allegations of the FAC.

Pestarino argues in his reply that *Bernstein* was decided incorrectly, citing district court decisions in which the maximum civil penalty was not considered in determining the amount in controversy. *See, e.g., Chavez v. FCA US LLC*, No. 2:19-cv-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) ("[T]he Court is unable to determine what civil penalties

1  might be imposed."). As discussed above, this Court has recognized that district courts are split
2  on the issue and it has taken the approach that the maximum civil penalty may be considered to
3  determine whether the amount in controversy exceeds the jurisdictional threshold.

4      Pestarino appears to concede that inclusion of the maximum civil penalty in the amount in
5  controversy is fatal to his remand motion, stating that "[m]ost vehicles, including the most
6  modestly priced vehicles, are over $25,000.00 with financing," and therefore "with the inclusion
7  of a civil penalty of up to two times Plaintiff's actual damages to the amount in controversy, any
8  Song-Beverly lawsuit that even alleges a willful violation by a manufacturer could be removed."
9  Motion at 7, ECF 11. This Court agrees that where a plaintiff expressly alleges potential
10 entitlement to the maximum civil penalty available under the Song Beverly Act, as Pestarino does
11 here, the amount in controversy requirement likely will be satisfied.

12     In addition to highlighting the relevant allegations of the FAC, Ford presents evidence
13 supporting a finding that the amount in controversy requirement is satisfied. Ford points to a
14 declaration of counsel experienced in litigating similar cases, who states that "it is not uncommon,
15 and in fact quite regular, for attorney's fee and cost awards (or resolutions through informal
16 discussions with opposing counsel) to exceed $100,000." Hugret Decl. ¶ 5, ECF 1-1. Pestarino
17 seeks an award of attorneys' fees under the Song Beverly Act, which provides that a prevailing
18 "buyer shall be allowed by the court to recover as part of the judgment a sum equal to the
19 aggregate amount of costs and expenses, including attorney's fees based on actual time expended,
20 determined by the court to have been reasonably incurred by the buyer in connection with the
21 commencement and prosecution of such action." Cal. Civ. Code § 1794(d). "[A] court must
22 include future attorneys' fees recoverable by statute or contract when assessing whether the
23 amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*,
24 899 F.3d 785, 794 (9th Cir. 2018). Ford additionally presents evidence that the Vehicle purchase
25 price was $86,310.36. *See* Nusser Decl. ¶ 3 & Exh. A, ECF 13-1. Pestarino seeks "replacement
26 or restitution, at Plaintiff's election, according to proof." FAC Prayer, ECF 1-4.

27     Pestarino's reply does not address Ford's evidence regarding attorneys' fees. He does
28 dispute the significance of the $86,310.36 purchase price, arguing that Ford has not shown "that

he has actually paid or will actually pay the total purchase price of the Subject Vehicle." Reply at 1, ECF 16. Pestarino also argues that Ford "provides no indication as to how many miles Plaintiff drove the car prior to the first repair visit," asserting without any citation to authority that "Plaintiff's actual damages will be reduced by an amount to be determined after the mileage offset is applied." Reply at 3. Those arguments are entitled to little or no weight, as they are not supported by citation to legal authority. However, even setting aside Ford's evidence regarding the Vehicle purchase price, the Court concludes that Ford has met its burden of proving, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold based on the evidence regarding attorneys' fees and the facial allegations of the FAC.

Accordingly, the motion to remand is DENIED.

## IV. ORDER

(1) The hearing on the motion to remand, currently scheduled for May 28, 2020 at 9:00 a.m., is VACATED;

(2) The motion to remand is DENIED; and

(3) This order terminates ECF 11.

Dated: April 17, 2020

_____
BETH LABSON FREEMAN
United States District Judge