**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANDREW PESTARINO,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation,<br><br>    Defendant. | Case No. 19-cv-07890-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>[Re: ECF 14] |

Defendant Ford Motor Company ("Ford") moves to compel arbitration of the claims asserted by Plaintiff Andrew Pestarino ("Pestarino") and stay the action pending arbitration. The Court has considered the briefing, the relevant law, and the oral arguments presented at the hearing on May 21, 2020. The motion is DENIED for the reasons discussed below.

**I.  BACKGROUND**

Pestarino filed this "lemon law" suit against Ford in the Santa Clara County Superior Court on October 22, 2019. *See* Compl., ECF 1-4. He filed the operative first amended complaint ("FAC") on November 25, 2019, asserting two claims under California's Song Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.* ("the Song Beverly Act"): (1) Breach of Implied Warranty of Merchantability, and (2) Breach of Express Warranty. *See* FAC, ECF 1-6. The claims arise out of Pestarino's purchase of a new Ford F-250 (the "Vehicle") from a non-party dealership, Frontier Ford ("Frontier"). *See* FAC ¶¶ 5-6; Nusser Decl. Exh. A, ECF 14-3. Pestarino alleges that the Vehicle has defects that have not been cured despite Pestarino's taking the Vehicle to authorized repair facilities on at least four occasions. *See* FAC ¶¶ 10-11.

Ford removed the action to federal district court on diversity grounds. *See* Notice of Removal, ECF 1. The Court thereafter denied Pestarino's motion to remand. *See* Order Denying Motion to Remand, ECF 23. Ford now moves to compel arbitration pursuant to an arbitration provision contained in the Retail Installment Sale Contract ("Sale Contract") between Pestarino and Frontier.[1] The arbitration provision appears on the last page of the Sale Contract, and reads in relevant part as follows:

ARBITRATION PROVISION<br>PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

Nusser Decl. Exh. A, ECF 14-3 at 6.

Ford asserts that it may enforce this arbitration provision even though it is not a party to the Sale Contract. Pestarino contends that Ford may not enforce the arbitration provision.

## II.   LEGAL STANDARD

The Federal Arbitration Act requires that contractual arbitration agreements "must be enforced 'save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Newton v. Am. Debt Servs., Inc.*, 549 Fed. App'x 692, 693 (9th Cir. 2013) (quoting 9 U.S.C. § 2).

---

[1] Ford submits the Sale Contract as an exhibit to the Declaration of Linda L. Nusser. *See* Nusser Decl. Exh. A, ECF 14-3. "A court may consider evidence beyond the complaint in ruling on a motion to compel." *Lee v. BMW of N. Am., LLC*, No. SACV 19-1722 JVS (ADSx), 2020 WL 2405253, at *2 (C.D. Cal. Apr. 10, 2020). Indeed, the party seeking to compel arbitration "has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014)

"Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

"In general, because arbitration arises from contract, arbitration may not be invoked by one who is not a party to the contract giving rise to the arbitration." *Vincent v. BMW of N. Am., LLC*, No. CV 19-6439 AS, 2019 WL 8013093, at *3 (C.D. Cal. Nov. 26, 2019). However, "a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013).

### III. DISCUSSION

Ford argues that California state law allows it to enforce the arbitration provision contained in the Sale Contract. First, Ford asserts that it may enforce the arbitration provision based on Pestarino's allegations of an agency relationship between Ford and Frontier. Second, Ford argues that Pestarino is equitably estopped from avoiding arbitration. In opposition, Pestarino contends that Ford has not established a basis for allowing it to enforce the arbitration provision contained in the Sale Contact between Pestarino and Frontier.

#### A. Agency

Ford asserts that under California law, Pestarino's allegation of an agency relationship between Ford and Frontier is sufficient to permit Ford to enforce the arbitration provision, relying on *Thomas v. Westlake*, 204 Cal. App. 4th 605 (2012). *Thomas* was a suit against an investment advisor and several related defendants for mismanagement of an investor's accounts. The trial court denied the defendants' petition to compel arbitration, noting that only some of the defendants were signatories to the arbitration agreements. *See Thomas*, 204 Cal. App. 4th at 611. The trial court concluded that the nonsignatory defendants were not entitled to enforce the arbitration agreements and that compelling arbitration as to some defendants but not others could

lead to inconsistent rulings. *See id.* The appellate court reversed, citing the complaint's allegations that each of the defendants was either a party to the arbitration agreements or the agent of such a party. *See id.* at 614-15. The appellate court held that "a plaintiff's allegations of an agency relationship among defendants is sufficient to allow the alleged agents to invoke the benefit of an arbitration agreement executed by their principal even though the agents are not parties to the agreement." *See id.*

*Thomas* does not apply here, where Pestarino has sued a single defendant rather than a group of defendants linked by agency relationships. Ford points to stray allegations in the FAC that "Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants." *See* FAC ¶ 4. Those allegations are meaningless, as there is only one defendant in this case. That defendant, Ford, is not attempting to invoke an arbitration agreement signed by its principal, as in *Thomas*.

Ford asserts that it may invoke the arbitration provision in the Sale Contract based on allegations suggesting that Frontier acted as Ford's agent in servicing the Vehicle. *See* FAC ¶ 10. The Court does not perceive how Frontier's servicing of the Vehicle relates to the arbitration provision in the Sale Contract. Ford does not contend that Frontier acted as Ford's agent in signing the Sale Contract. Ford has failed to establish that it may enforce the arbitration provision of the Sale Contract based on an agency relationship between Ford and Frontier.

### B.     Equitable Estoppel

Ford next contends that Pestarino is equitably estopped from avoiding arbitration. In *Kramer,* the Ninth Circuit summarized the relevant California law as follows: "Where a nonsignatory seeks to enforce an arbitration clause, the doctrine of equitable estoppel applies in two circumstances: (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement." *Kramer*, 705 F.3d at 1128-29 (quotation marks,

4

citations, and alterations omitted).

Ford relies on the first circumstance, arguing that "Plaintiff's claims against Ford are 'intimately founded in and intertwined with' the Sales Contract and the actions of the signatory dealership, Frontier Ford." Mot. to Compel Arb. at 9, ECF 14-1. Specifically, Ford argues that "[i]f Plaintiff did not enter into the Sales Contract, they would not have received the vehicle or the corresponding warranties from Ford," and that "Ford's duty to comply with warranties arose only after Plaintiff purchased the vehicle." *Id.*

Ford's argument is foreclosed by *Kramer*, in which the Ninth Circuit rejected a defendant automobile manufacturer's attempt to invoke arbitration provisions contained in sales contracts to which the manufacturer was not a signatory. The Ninth Circuit noted that under California law, "[e]quitable estoppel applies only if the plaintiffs' claims against the nonsignatory are dependent upon, or inextricably bound up with, the obligations imposed by the contract plaintiff has signed with the signatory defendant." *Kramer*, 705 F.3d 1129 (quotation marks, citation, and alteration omitted). It is not enough that the plaintiff make reference to the contract containing the arbitration provision. *See id.* Equitable estoppel applies *only* where the signatory must rely on the terms of the written agreement containing the arbitration provision in asserting his claims against the nonsignatory. *See id.* These requirements are not satisfied simply because a plaintiff's claims rely on the existence of a vehicle purchase transaction. *See id.* at 1130. The Ninth Circuit concluded in *Kramer* that the plaintiffs' claims against the automobile manufacturer for violation of California consumer law, unfair competition, false advertising, breach of the implied warranty of merchantability, and breach of contract were not intertwined with the vehicle purchase agreements, because they arose independently from, and did not rely on the terms of, the purchase agreements.

Several district courts have applied *Kramer* to reject the argument Ford advances here, that because the plaintiff's lemon law claims against the manufacturer could not have arisen absent purchase of the vehicle, the lemon law claims are sufficiently intertwined with the purchase agreement to trigger application of the doctrine of equitable estoppel. For example, in *Vincent v. BMW of N. Am., LLC*, No. CV 19-6439 AS, 2019 WL 8013093, at *1 (C.D. Cal. Nov. 26, 2019),

1   the plaintiff sued vehicle manufacturer BMW under the Song Beverly Act, alleging that BMW
2   breached express and implied warranties arising from the plaintiff's purchase of a new BMW
3   vehicle from a non-party dealership.  The sale contract between the plaintiff and the non-party
4   dealership contained an arbitration provision nearly identical to the one at issue in the present case.
5   *See Vincent*, 2019 WL 8013093, at *1-2.  Like Ford here, BMW attempted to invoke the doctrine
6   of equitable estoppel, reasoning that if the plaintiff had not executed the sale contract, he would
7   not have received the warranty from BMW.  *See id.* at *7.  The district court denied the motion to
8   compel arbitration, finding that the plaintiff's claims did not rely on the terms of the sale contract,
9   only the fact that he purchased the vehicle, and concluding that under *Kramer* those circumstances
10  were insufficient to give rise to equitable estoppel.  *See id.* at *8.  Other courts have reached the
11  same result based on the same reasoning.  *See, e.g., Jurosky v. BMW of N. Am., LLC*, No. 19cv706
12  JM (BGS), 2020 WL 1024899, at *4 (S.D. Cal. Feb. 27, 2020) ("Plaintiff's claims do not rely on
13  the purchase agreement, and they are not intimately found in or intertwined with, the purchase
14  agreement containing the arbitration clause."); *Roth v. Jaguar Land Rover N. Am., LLC*, No.
15  SACV 17-01522 AG (DFMx), 2017 WL 10545074, at *4 (C.D. Cal. Dec. 4, 2017) ("claims
16  brought by car purchasers against the car manufacturer for, among other things, breach of implied
17  warranty . . . were not intimately founded in the car purchase contracts").

18       Ford relies on a contrary decision, *Mance v. Mercedes-Benz USA*, 901 F. Supp. 2d 1147,
19  1157 (N.D. Cal. 2012).  The *Mance* court granted the defendant automobile manufacturer's
20  motion to compel arbitration based on a provision in the sale contract, concluding that "Mercedes-
21  Benz's duty to comply with its warranty arose only when Mr. Mance bought the car," and that
22  "[h]ad he not signed the contract, he would not have received the warranty from Mercedes-Benz."
23  *Id.*  Characterizing the warranty claim as "premised on" and arising "out of" the sale contract, the
24  district court found that the doctrine of equitable estoppel applied.  *Id.  Mance* was decided before
25  the Ninth Circuit's decision in *Kramer*, and it is contrary to the weight of district court decisions
26  after *Kramer*.  This Court therefore finds Ford's argument based on *Mance* to be unpersuasive,
27  and it agrees with those district courts that have found the doctrine of equitable estoppel
28  inapplicable to the circumstances presented in this case.

**C.     Conclusion**

Because Ford has not established that it may enforce the arbitration provision contained in the Sale Contract between Pestarino and Frontier, Ford's motion to compel arbitration and stay the action is DENIED.[2]

**IV.  ORDER**

Ford's motion to compel arbitration and stay the action is DENIED.

This order terminates ECF 14.

Dated:  June 15, 2020

*Beth Labson Freeman*

BETH LABSON FREEMAN
United States District Judge

---

[2] Having concluded that Ford's motion is subject to denial on the grounds discussed above, the Court need not address Pestarino's opposition arguments based on the language of Ford's express written warranty.

7